

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| JAMES GUNNELLS, also known as James Allan Gunnells,<br>　　　　Petitioner,<br><br>vs.<br><br>LARRY CARTLEDGE, Warden, Perry Correctional Institution,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 8:15-01142-MGL<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE PETITION WITH PREJUDICE

This case was filed as a 28 U.S.C. § 2254 action. The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 13, 2016, the Clerk of Court entered Petitioner's objections to the Report on January 31, 2016, and Respondent filed a reply on February 16, 2016. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner raises two specific objections to the Magistrate Judge's Report. The Court will address each one in turn.

First, Petitioner objects to the Magistrate Judge's conclusion that "'the Due Process Clause is not invoked' when a witness makes an in-court identification without having made a prior out-of-court identification." Objections 2 (quoting ECF No. 30 at 20). Citing cases from the Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuit Courts of Appeals, Petitioner claims that "a trial court unreasonably applies clearly established federal law when it categorically permits in-court identifications made without a prior out-of-court identification to be admitted without engaging in a due process analysis." *Id.* at 3-4. Further, Petitioner argues that the Magistrate Judge erred in finding that Halman Sease's identification of Petitioner was properly admitted at trial because the Magistrate Judge failed to conduct a *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972), reliability analysis. Objections 4.

However, the Magistrate Judge properly recommended denial of Petitioner's claim that his right to the due process of law was violated by the state court's refusal to suppress Sease's identification of Petitioner. To prevail in his habeas petition, Petitioner must show the state court unreasonably applied federal law, as determined by the United States Supreme Court, or show by clear and convincing evidence that the state court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington*

*v. Richter*, 562 U.S. 86, 100 (2011). Importantly, Petitioner must demonstrate that the state court unreasonably applied United States Supreme Court precedent, not Fourth Circuit or other federal circuit court precedent, to satisfy the standard of review under § 2254(d). *Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

Here, Petitioner proclaims that the South Carolina Supreme Court's holding in *State v. Lewis*, 609 S.E.2d 515, 517-18 (S.C. 2002), that *Biggers* is inapplicable to in-court identifications made for the first time by a witness where there was no pretrial identification procedure, is both contrary to *Biggers* and an unreasonable application of *Biggers*. But, a federal habeas court does not consider a PCR court's interpretation of a state case to determine whether a petitioner is entitled to relief. Thus, the Court will construe Petitioner's argument to be that the PCR court's decision was contrary to or an unreasonable application of *Biggers* instead.

Here, the trial court conducted an *in camera* hearing to determine the reliability of Sease's in-court identification of Petitioner. Objections 2. Although the trial court denied Petitioner's motion to suppress Sease's identification without any further discussion, the testimony elicited during the *in camera* hearing convinces this Court that Sease's in-court identification of Petitioner was reliable under the totality of the circumstances. *See Perry v. New Hampshire*, 132 S. Ct. 716, 724 (2012) (noting that when analyzing the reliability of an identification under *Biggers*, courts apply a totality of the circumstances approach). Thus, the trial court did not err by allowing Sease's in-court identification, and the Court will overrule Petitioner's first objection.

Second, Petitioner asserts that the Magistrate Judge erred by neglecting to make specific findings regarding Petitioner's claim of ineffective assistance of counsel for his counsel's failing to move to suppress the fruits of the search of Petitioner's girlfriend's apartment. Objections 6.

Alternatively, Petitioner objects to any specific findings regarding this claim because he propounds that he has established a Fourth Amendment violation occurred. *Id.*

Nevertheless, this Court finds that the Magistrate Judge correctly analyzed and recommended denial of Petitioner's Fourth Amendment claim. When reviewing ineffective assistance of counsel claims under § 2254(d), review is "doubly" deferential. *Richter*, 562 U.S. at 105 ("The standards created by *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (internal quotations and citations omitted)). Further, in determining whether a person has the authority to give consent to a search, when officers act under a reasonable belief that a third person has the apparent authority to consent to a search, the suppression of evidence is not warranted. *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990). Additionally, to prevail on his ineffective assistance of counsel claim, Petitioner must prove both error and prejudice, showing a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

In this case, Petitioner's counsel committed no error, as the consent to search the apartment was valid and a motion to suppress would have been denied. Where, as here, Petitioner's girlfriend had at least apparent authority to consent to the search, Petitioner cannot establish a Fourth Amendment violation. *See Rodriguez*, 497 U.S. at 186. Additionally, even if the Court were to find counsel's performance deficient, Petitioner fails to prove that he was prejudiced by any deficiency as required by *Strickland*. There was overwhelming evidence of Petitioner's guilt independent of the clothing found in the search of Petitioner's girlfriend's apartment. Consequently, the Court will overrule this objection as well.

In sum, the evidence against Petitioner is overwhelming. The case is not close. And, there is no prejudice. *See Meyer v. Branker*, 506 F.3d 358, 373 n.3 (4th Cir. 2007).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and the petition is **DISMISSED WITH PREJUDICE**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of February, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE